**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| _____ )<br><br>**A2Z DENTAL LLC,**                )<br>                             )<br>             **Plaintiffs,**     )<br>                             )<br>      **v.**                    )<br>                             )<br>**MIRI TRADING LLC dba POLAROID**  )<br>**DENTAL IMAGING,**             )<br>             **Defendant.**    )<br>_____ ) | **CIVIL ACTION**<br>**NO. 4:19-40068-TSH** |

## ORDER AND MEMORANDUM ON DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT (Docket No. 13)

### January 30, 2020

**HILLMAN, D.J.**

A2Z Dental LLC ("A2Z") filed the instant action against Miri Trading LLC ("Miri"), alleging breach of contract, breach of the implied covenant of good faith and fair dealing, intentional misrepresentation, negligent misrepresentation, mutual mistake/equitable reformation, unilateral mistake, and violations of M.G.L. c. 93A. (Docket No. 1). After Miri failed to file a timely answer to A2Z's complaint, the Court entered default against Miri. (Docket Nos. 9 & 10). Miri now moves to set aside that entry of default. (Docket No. 13). For the following reasons, the Court **_denies_** Miri's motion.

### Background

A2Z filed a complaint with this Court on May 15, 2019, and mailed a copy of that complaint to Miri on May 22, 2019. (Docket Nos. 1, 15 at 8). The parties discussed the case on at least two occasions during June 2019. (Docket No. 15 at 8, 10). In their conversations, Miri requested that A2Z "not take a default" and grant it "90 days from [ ] the mailing of [A2Z's]

complaint (which was May 22, 2019) for [it] to put in an answer." (Docket No. 15 at 8). A2Z agreed to give Miri an extension of time to answer the complaint if Miri signed a waiver of service. (Docket No. 15 at 10).

Miri ultimately decided not to waive service, and A2Z pursued service through other means. A2Z contacted the Office of the Sheriff for Rockland County, the county in which Miri's principal place of business is located. Officers attempted to serve Miri on July 24, 2019; July 25, 2019; July 26, 2019; July 29, 2019; August 7, 2019; August 13, 2019; August 15, 2019;[1] August 16, 2019; and August 19, 2019. (Docket No. 15 at 12). None of their attempts succeeded. (Docket No. 15 at 12). Deputy Dean O'Hanlon concluded that "Defendant is avoiding service." (Docket No. 15 at 12).

A2Z then contacted a constable in Rockland County. The constable unsuccessfully attempted service on August 26, 2019, August 27, 2019, and September 5, 2019. (Docket No. 15 at 14). On the last occasion, a young woman answered the door, but when the constable mentioned Miri, "she immediately closed the door" and stood in front of "a window in the front of the house talking on a phone." (Docket No. 15 at 14). The constable "rang the bell and knocked a few times but no one came to the door." (Docket No. 15 at 14).

On August 21, 2019, A2Z moved to effectuate service by alternative means, specifically, by "publication in a newspaper of general circulation in the town in which Defendant and its registered agent are located." (Docket No. 5 at 2). This Court granted the motion on September 5, 2019 (Docket No. 6), and A2Z published notice of the lawsuit in the Rockland County Times two weeks later (Docket No. 7-1 at 1).

---

[1] Officers made two separate attempts to serve process on August 15, 2019. (Docket No. 15 at 12).

A2Z filed an affidavit of service with this Court (and forwarded a copy of its filing to Miri) on October 21, 2019.   (Docket Nos. 7, 15 at 16).  Two days later, A2Z moved for entry of default (again forwarding a copy of its filing to Miri).  (Docket Nos. 8, 15 at 21).  The Court granted A2Z's motion on October 24, 2019.  (Docket Nos. 9 & 10).  Miri entered an appearance in this case two weeks later (Docket No. 12), and moved to set aside the default another two weeks after that (Docket No. 13), filing its motion on the same day that A2Z moved for entry of default judgment (Docket No. 14).

### Discussion

### *1.  Adequacy of Service*

Miri argues that this Court should set aside the entry of default because A2Z failed to properly effectuate service.  Federal Rule of Civil Procedure 4 provides that a corporation "may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A).  Because this Court is located in Massachusetts, A2Z could serve Miri in any manner available under Massachusetts law.  Massachusetts law allows for service by publication (with the Court's permission) if a person authorized to service process cannot find the defendant "after diligent search."  Mass. R. Civ. Pro. 4(d)(1).

In this case, A2Z obtained the Court's permission to serve Miri by "publication in a newspaper of general circulation in the town in which Defendant and its registered agent are located" after making ten separate unsuccessful attempts to serve process on Miri.[2]  *See Alves v.*

---

[2]     And A2Z continued to unsuccessfully attempt service through a constable in Rockland County during the pendency of its motion.  (Docket No. 15 at 14).

*Daly*, No. 12-10935, 2013 WL 1330010, at \*4 (D. Mass. Mar. 29, 2013) ("Where a plaintiff, on his own or through a process server, makes numerous unsuccessful attempts to effectuate service of process on a defendant, an alternative method of service may be permissible under Massachusetts law.").  A2Z then published notice of the case in the Rockland County Times, a newspaper of general circulation in the county in which Miri's principal place of business is located.  (Docket No. 7-1).

Miri suggests that service by publication in a single newspaper on a single occasion "was not reasonably calculated to give Miri actual notice of these proceedings."  (Docket No. 13 at 6). The Court disagrees.  While a single publication may not suffice to establish notice in every case (or even most cases), the Court determines that, under the particular circumstances presented in this case—namely, Miri's actual notice of the case at least as early as June 2019 and its active attempts to evade service by other means—the publication in the Rockland County Times was constitutionally adequate.  *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). The Court thus ***denies*** this aspect of Miri's motion.

### 2. Good Cause

Miri alternatively argues that, even assuming A2Z properly effectuated service, good cause exists to set aside the entry of default.  *See* Fed. R. Civ. Pro. 55(c) ("The court may set aside an entry of default for good cause . . . .").  In determining whether good cause exists, the Court considers, *inter alia*,

> (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary, (3) whether a meritorious defense is presented; (4) the nature of the

defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; and (7) the timing of the motion.

*McKinnon v. Kwong Wah Rest.*, 83 F.3d 498, 503 (1st Cir. 1996).  Here, the *McKinnon* factors weigh against setting aside the entry of default.  Miri was aware of the litigation at least as early as June 2019 and actively tried to evade service of process.  Its readiness to proceed at this juncture does not excuse its earlier bad faith and willful resistance to service of process, especially given the absence of any averment that Miri has a meritorious defense to assert.[3]  *See Coon v. Grenier*, 867 F.2d 73, 77 (1st Cir. 1989) (finding good cause where "the record contains nothing indicating that Grenier purposely withheld his address, deliberately tried to conceal his whereabouts, or consciously sought to evade process" and the defaulting party presented a meritorious defense); *see also Bryan v. Lark Hotels*, LLC, 323 F.R.D. 116, 118 (D. Mass. 2017).  Moreover, the Court finds it significant that, despite being aware of the action since at least as early as June 2019, and despite receiving notice that A2Z had moved for entry of default in late October, Miri only filed its motion to set aside the entry of default at the end of November, when A2Z moved to enter default judgment against it.  Miri has not provided any persuasive explanation for its delay in filing the present motion, let alone for its failure to timely answer A2Z's complaint.[4]  The Court thus **_denies_** Miri's motion.

---

[3]     Miri implies this Court may not have jurisdiction, but it offers no support for this assertion. And without such support, the Court finds Miri's assertion implausible. *See Coon*, 867 F.2d at 77 (noting that "the 'meritorious defense' component of the test for setting aside a default does not go so far as to require that the movant demonstrate a likelihood of success on the merits" but does require that "a party's averments . . . plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense"). A2Z attached invoices to its complaint showing that Miri knowingly shipped goods to A2Z, a Massachusetts corporation, at a location in Massachusetts. (Docket Nos. 1-3, 1-4, 1-5). This case arises from errors in the shipment of these goods. Under the circumstances, the Court does not see how it could lack personal jurisdiction over Miri.

[4]     To the extent Miri contends that it was "unaware of the publication in the Rockland County Times" (Docket No. 13 at 3), it offers no support for this assertion. And while Miri stated in its

## Conclusion

For the reasons stated above, Miri's motion is ***denied***.  (Docket No. 13).

**SO ORDERED**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**

---

motion that it would supplement its filing with an affidavit providing such support,  Miri has failed
to do so as of the date this order.